UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTA WILLIAMS, | Case No. 2:24-cv-00768-TLN-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | SCREENING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |
| CITY OF SACRAMENTO, | |
| Defendant. | ECF Nos. 1 & 2 |
| | **FINDINGS AND RECOMMENDATIONS** |
| | THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| | ECF No. 4 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, who is an unhoused individual proceeding pro se, filed a complaint alleging that City of Sacramento police officers destroyed his property without warning and, after placing him in the back of a patrol car handcuffed, drove him five miles from his camp site and left him in an unfamiliar part of town. While plaintiff's Fourth and Fourteenth Amendment Due Process claims are cognizable, his remaining claims are not. I will give plaintiff the opportunity to either proceed with his cognizable claims or file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C.

1

§§ 1915(a)(1) and (2). Finally, I will recommend that plaintiff's motion for injunctive relief be denied without prejudice.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff is an unhoused individual who was living at a campsite in Sacramento. This complaint concerns an incident that occurred in November 2023 involving Sacramento police officers. According to the complaint, unidentified officers confiscated and destroyed plaintiff's personal property without warning or notice. ECF No. 1 at 2-3. Plaintiff's personal property included his tent, sleeping bag, clothes, hygiene products, medicine, paperwork, family pictures, tools, food, electric generator, and vehicles. *Id.* at 2. Following the confiscation of his property, the police officers handcuffed plaintiff, put in him in the back of a patrol car, and drove him

approximately five miles from his camp site. *Id.* After uncuffing plaintiff, the officers left him in an unfamiliar part of Sacramento. Plaintiff's electric generator was later returned to him, but all of his other property was either destroyed or never returned to him. *Id.* at 2-3.

Plaintiff asserts five causes of action. First, he claims that defendant violated the Fourth Amendment by unlawfully seizing and destroying his property without cause or notice. *Id.* at 3. He next claims that defendant violated his Eighth Amendment rights by harassing and discriminating against him. *Id.* Plaintiff additionally claims that defendant violated his Equal Protection rights by selectively enforcing laws against homeless individuals, like himself. *Id.* at 4. Next, he claims that defendant's actions violated both of United States and California Constitutions' Takings Clauses. *Id.* Finally, plaintiff asserts a claim under United States Title 18 section 242 for conspiracy. *Id.*

*Fourth Amendment Claim*

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (citing *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, (1967)). The Fourth Amendment "protects two types of expectations, one involving searches, the other seizures. A search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotation omitted).

To establish that a seizure violated the Fourth Amendment, a plaintiff must allege (1) "some meaningful interference with an individual's possessory interests in that property" and (2) that the interference was "unreasonable" based on a "careful balancing of governmental and private interests." *Soldal v. Cook Cnty.*, 506 U.S. 56, 60 (1992) (citations omitted). It is not necessary to show a "reasonable expectation of privacy to enjoy the protection of the Fourth Amendment against seizures of their unabandoned property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027-28 (9th Cir. 2012).

In *Lavan*, the Ninth Circuit held that seizing and destroying the unhoused plaintiffs' unabandoned property "meaningfully interfered with" the plaintiffs' possessory interests in that property, and that doing so summarily and "on the spot" made the seizure unreasonable under the Fourth Amendment. *Id.* at 1030-31. There, the court recognized that the summary destruction violated the plaintiffs' Fourteenth Amendment rights to "continued ownership of their personal possessions" because the City did not "take reasonable steps to give notice that the property ha[d] been taken so the owner [could] pursue available remedies for its return." *Id.* at 1031-32 (citation omitted). The City was obligated but failed to "comport with the requirements of the Fourteenth Amendment's due process clause" before taking and destroying property, including by giving "notice and an opportunity to be heard" before seizure and destruction. *Id.* at 1032 (citations omitted). In *Garcia*, the Ninth Circuit again held that during cleanups of homeless encampments, "prohibit[ing] individuals from moving their Bulky items" and instead "immediately destroy[ing]" them violated the individuals' Fourth Amendment rights, extending *Lavan*'s holding to the "large objects" at issue. *Garcia v. City of Los Angeles*, 11 F.4th 1113, 1119 (9th Cir. 2021).

The facts alleged here track those of *Lavan*. Plaintiff claims that defendant confiscated his property and destroyed it without warning or notice. Accordingly, for the purpose of screening, plaintiff has alleged a cognizable Fourth and Fourteenth Amendment claim for unlawful seizure of his property.[1]

*Eighth Amendment Claim*

The Eighth Amendment protection against cruel and unusual punishment can only be invoked by persons convicted of crimes. *See City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202, 2216 (2024); *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 n 2 (11th Cir. 1995) (citing *Whitley v. Albers*, 475 U.S. 312, 317-18 (1986)); *see also Ingraham v. Wright*, 430 U.S. 651 (1977) ("An examination of the history of the [Eighth] Amendment and the decisions of this Court construing the prohibition against cruel and unusual punishment confirms that it was

---

[1] While the complaint did not enumerate a Fourteenth Amendment due process claim, the complaint has adequately pled one. *See Lavan*, 693 F.3d at 1031-33.

designed to protect those convicted of crimes."). The complaint contains no allegation that plaintiff has been convicted of a crime at the time of the incident, and thus he lacks standing to bring an Eighth Amendment claim.

*Equal Protection Claim*

A government entity has discretion in prosecuting its criminal laws, but enforcement is subject to constitutional constraints. *See Wayte v. United States*, 470 U.S. 598, 608 (1985). Where a plaintiff alleges selective enforcement of criminal laws in violation of the Equal Protection Clause, the "plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." *Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007) (citing *Wayte*, 470 U.S. at 608). Further, a plaintiff "seeking to enjoin alleged selective enforcement must demonstrate the police misconduct is part of a 'policy, plan, or a pervasive pattern.'" *Id.* at 1153 (quoting *Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1993)).

Here, the lowest level of scrutiny—rational basis—applies since there is no fundamental right to housing and unhoused individuals are not a protected class. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (no fundamental right to adequate housing); *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1108 (E.D. Cal. 2012) (collecting cases finding that unhoused people are not a protected class).

Under this level of review, "legislation is presumed to be valid" and will be upheld if the statute's terms are "rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985) (citations omitted). However, if a plaintiff alleges that the law is selectively enforced against certain groups of people and not others, then a plaintiff can show that the rational basis for enforcement is a pretext for "an impermissible motive." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187-88 (9th Cir. 1995).

Plaintiff has the makings of a selective enforcement claim: he alleges that defendant's enforcement of a certain law was motivated by discriminatory intent and had a discriminatory effect against unhoused individuals. *See Boring v. Murillo*, No. LA CV 21-07305-DOC(KES), 2022 WL 14740244, at *4-5 (C.D. Cal. Aug. 11, 2022); *Anderson v. City of Portland*, No. CIV

5

08-1447-AA, 2009 WL 2386056, at *8 (D. Or. July 31, 2009).  Yet, plaintiff fails to identify the specific ordinance or statute defendant has selectively enforced.  Therefore, this claim is dismissed with leave to amend.  Should plaintiff choose to amend his complaint for this claim, he should include the ordinance or statute that he alleges was selectively enforced.

*Takings Clause Claim*

Plaintiff alleges a violation of the Takings Clause under both the federal and state constitutions.  The United States Constitution provides that private property shall not "be taken for public use without just compensation."  U.S. Const., 5th Amend.  The California Constitution provides similar protection. Cal. Const., Art. I, Sec. 19.  The takings clause applies to two types of government action: (a) the taking of physical possession of property or of an interest in that property for a public use; and (b) the regulatory prohibition of a private use.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321-23 (2002).  "The first type of taking occurs through the physical appropriation of property.  The second type—regulatory taking—involves state imposition of a regulation that prohibits or prevents property owners from using their property in a way that diminishes its value."  *Mateos-Sandoval v. Cnty. of Sonoma*, 2012 WL 6086225 (N.D. Cal. Dec. 6, 2012).

This claim fails because the Takings Clause applies only when the government exercises its power of eminent domain and *lawfully* seizes property for public use.  *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 543 (2005) (the Takings Clause "is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking") (emphasis in original).  In other words, the Takings Clause "does not prohibit the taking of private property, but instead places a condition on the exercise of that power."  *First English Evangelical Lutheran Church of Glendale v. Cnty. of Los Angeles*, 482 U.S. 304, 314 (1987).

The Takings Clause does not apply when, as alleged here, property is unlawfully seized and destroyed.  *See Bennett-Wofford v. Cnty. of Lake*, 2016 WL 6302107, at *2 (Cal. Ct. App. Oct. 27, 2016) (unpublished); *Customer Co. v. City of Sacramento*, 10 Cal. 4th 368, 383 (1995) (unlawful property damage by law enforcement officers "never has been understood to give rise

to an action for inverse condemnation in California, but rather has been treated as subject to the general tort principles applicable to governmental entities"); *Sanchez*, 914 F. Supp. 2d at 1106 (finding that seizure and destruction of a homeless resident's personal property as part of the city's efforts to clean up homeless encampments did not trigger liability under the Takings Clause). Plaintiff does not allege a lawful seizure of his property for public use, and therefore the complaint does not state a takings claim under either state or federal law.

*18 U.S.C.§ 242 Claim*

Plaintiff alleges a claim under 18 U.S.C. § 242. The statute at issue is a criminal statute, but which does not create a civil cause of action. *See Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action . . . . do not generally lie under the criminal statutes of Title 18 of the United States Code[,]" including 18 U.S.C. § 242.); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. § 242 is a criminal provision that provides "no basis for civil liability"); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under 18 U.S.C. § 242 because it is a criminal statute that does not give rise to civil liability).

**Injunctive Relief**

Plaintiff has also filed a motion for injunctive relief seeking a court order that prohibits law enforcement from contacting him. ECF No. 4. Plaintiff argues that he has been harassed, followed, and retaliated against by Sacramento police officers and that, since March of this year, he has had at least sixteen contacts with law enforcement.

To obtain injunctive relief, plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Plaintiff makes no argument that absent injunctive relief he will suffer irreparable harm, nor does he address any other prong to warrant injunctive relief. As plaintiff has not shown irreparable harm, that the balance of equities weighs in his favor, or that an injunction would

serve the public interest in this case, I recommend that plaintiff's motion to injunctive relief be denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action proceed on his Fourth Amendment claim and direct service on defendant.

3. The Clerk of Court is directed to send plaintiff a complaint form.

Further, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 4, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: ___August 1, 2024___

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8