UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTA WILLIAMS,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF SACRAMENTO,<br><br>            Defendant. | Case No.  2:24-cv-00768-TLN-JDP (PS)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>ECF No. 6 |

Plaintiff, who is an unhoused individual proceeding pro se, filed a complaint alleging that defendants City of Sacramento, Sacramento Police Department, Department of Community Response, and Forensic Clean, swept his campsite and destroyed his property.  Because the complaint fails to properly allege a cause of action against defendants, I will dismiss the complaint and give plaintiff an opportunity to amend his complaint.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

1

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

On November 28, 2024, defendants confiscated and destroyed plaintiff's personal property from his campsite on Stockton Boulevard in Sacramento. ECF No. 6 at 7-8. Following the confiscation of his property, plaintiff was handcuffed and detained for twenty to thirty minutes. *Id.* Plaintiff asserts that defendants violated the First, Fourth, and Fourteenth Amendments by unlawfully destroying his property. *Id.* at 4.

The complaint does not state a claim against the listed defendants. To state a *Monell* claim against the City of Sacramento, Sacramento Police Department, Department of Community Response, or Forensic Clean, the complaint must allege that (1) plaintiff was deprived of a constitutional right, (2) the City and/or Department has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a local government may be sued when an employee who committed a constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."

1  *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The complaint makes no allegations that any defendant has a policy, custom, or practice that was the moving force behind plaintiff's alleged constitutional violation.

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 6, is dismissed with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   November 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE