UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTA WILLIAMS, | Case No. 2:24-cv-0768-TLN-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF SACRAMENTO, | |
| Defendant. | |

Donta Williams ("plaintiff") brings this section 1983 action and alleges that the city of Sacramento, the Sacramento Police Department, the "Department of Community Response" and "Forensiclean" violated his rights when they confiscated and destroyed some of his personal property during a sweep of Stockton Boulevard in Sacramento. ECF No. 9 at 2-3, 7. He also claims that he was briefly detained during this sweep. *Id.* at 7. I previously explained that these municipal defendants can be sued only if plaintiff identifies some policy, custom, or practice that was the moving force behind the violations he alleges. ECF No. 8 at 2. The second amended complaint still fails to identify a specific policy, custom, or practice underlying the alleged violations. Accordingly, I recommend that this action be dismissed for failure to state a claim.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that unnamed Sacramento Police Department officers took his phone, detained him, and deprived him of other personal property during a sweep of Stockton Boulevard, where he maintained an encampment. ECF No. 9 at 7. As an initial matter, the complaint is somewhat difficult to read due to plaintiff's handwriting and the complaint's lack of organization.

As before, however, the fatal flaw is that plaintiff has sued only municipal defendants without identifying an offending policy or custom. I warned him in my previous order that these defendants could only be sued under section 1983 if he identified some custom or policy of the defendants and explained how that custom or policy contributed to his alleged injury. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079-80 (9th Cir. 2006) ("Sadoski's claim against Clark County also fails. Because Sadoski does not contend that Clark County maintains a policy or custom pertinent to her alleged injury, and because Sadoski does not explain how such a policy caused her injury, Sadoski's claim against Clark County cannot succeed as a matter of law."). I have reviewed the complaint and cannot discern any allegation that a custom or policy of any defendant caused plaintiff's detention or deprivation of property. At best, plaintiff alleges that the City of Sacramento ordered the sweep, ECF No. 9 at 8, but does not connect the violations of his rights that occurred because of the sweep to any specific, identifiable policy or custom. *See Buckley v. Cnty. of San Mateo*, No. 16-cv-07314-JD, 2018 U.S. Dist. LEXIS 104370, *8 (N.D. Cal. June 21, 2018) ("[A] plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief.").

This is now plaintiff's third complaint, and he has failed to remedy the critical deficiency that I identified in my previous screening order. Accordingly, I now recommend that this action be dismissed for failure to state a claim upon which relief may be granted. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (repeated failure to cure deficiencies is a factor to be considered in whether to grant further leave to amend).

Accordingly, it is hereby RECOMMENDED that:

1. The second amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a claim upon which relief may be granted.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

1   court and serve a copy on all parties. Any such document should be captioned "Objections to
2   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
3   within fourteen days of service of the objections. The parties are advised that failure to file
4   objections within the specified time may waive the right to appeal the District Court's order. *See*
5   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
6   1991).

IT IS SO ORDERED.

Dated:   May 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4